UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| NICHOLAS ANDREW BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-00191-JRG-CLC |
| | ) | |
| HAWKINS COUNTY JAIL, COREY | ) | |
| YOUNG, DONNA KAY CARTER, | ) | |
| BUTCH GALLION and CO BRAME, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This pro se prisoner's complaint under 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.     SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff states that on July 16, 2017, Correctional Officer Brame "made a sexual comment [and] gesture" toward Plaintiff while Plaintiff was using a plunger to correct an overflowing toilet [Doc. 2 at 3-4; Doc. 8 at 2]. Specifically, Plaintiff asserts that Officer Brame grabbed his own crotch and stated, "I have a plunger that will work" [Doc. 8 at 2]. Plaintiff states that the incident embarrassed him and made him uncomfortable, and that he attempted to call the Prison Rape Elimination Act ("PREA") hotline number posted in the pods to report the incident, but the number did not work [*Id*. at 4]. Plaintiff informed Sergeant Carter, Corey Young, and Officer Gallion about Officer Brame's conduct and the non-functioning PREA number, and he filed a police report regarding Officer Brame's behavior the following day [*Id*.]. Plaintiff claims that over a month went by with no investigation into his complaint, and that the other officers still allowed Officer Brame around Plaintiff even after they learned Plaintiff was fearful of him [*Id*.].

In a supplement filed some twenty months after he filed his original complaint, Plaintiff asserts that the day after the incident involving Officer Brame, he was moved to a cell with a security camera, and his statement was taken [*Id.* at 2]. After Plaintiff still expressed concern that Officer Brame might harm him, Plaintiff was again moved to another cell [*Id*. at 3]. Plaintiff also

complains that he did not get recreation time for approximately forty-seven hours between July 16 and July 18, and that on July 19, 2017, he was let out for recreation time at least thirty minutes late [*Id*. at 3]. Plaintiff recounts numerous instances between July 22, 2017, and September 30, 2017, where Officer Brame was allowed to serve him his meals, walk the inmates to the yard, hand out supplies, etc. [*Id*. at 3-6]. Plaintiff also complains of incidents surrounding disciplinary measures, medical incidents, and conditions of confinement that occurred in October and November of 2017 [*Id*. at 7-10].

### III.     ANALYSIS

As an initial matter, the Court notes that although Plaintiff named Hawkins County Jail as a Defendant, a jail is not a person subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Additionally, Plaintiff has not suggested that any particular policy or custom at the jail caused the alleged violations of his constitutional rights, and therefore, he has not asserted a claim against Hawkins County itself. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from implementation of [its] official policies or established customs"). Accordingly, Plaintiff cannot sustain a claim against Hawkins County Jail or the county itself, and Hawkins County Jail will be **DISMISSED**.

Additionally, the Court finds Plaintiff's allegations insufficient to state a claim against Defendants Young, Carter, and Gallion, as they are named Defendants only because of their alleged inaction in response to Plaintiff's complaints. However, Plaintiff concedes that his

statement was taken and that he was moved to a different cell after he lodged his complaint against Officer Brame. Moreover, the law is well settled that "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, Plaintiff cannot maintain an action against these Defendants for their failure to respond favorably to his complaints, and Defendants Young, Carter, and Gallion will be **DISMISSED**.

Next, the Court finds that Plaintiff's allegations against Officer Brame fail to state a claim under § 1983, as such verbal harassment, while certainly not to be condoned or encouraged, fails to state a constitutional violation.[1] *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (finding guard's threat of sexual assault did not violate plaintiff's constitutional rights). Moreover, even if Officer Brame's conduct could state a constitutional claim, Plaintiff could not recover damages for emotional or mental injury as a result of the alleged conduct, as he suffered no physical injury as a result of Officer Brame's actions. *See* 42 U.S.C. § 1997e(e). Accordingly, Plaintiff's claims against Officer Brame will be **DISMISSED**.

Finally, the Court finds that Plaintiff's supplemental complaint, filed June 24, 2019 – more than twenty months after the initial complaint was filed in this case – appears to raise additional allegations of misconduct between July 2017 and December 2017 against individuals not named as Defendants in this lawsuit [*See, e.g.*, Doc. 8 at 5-10]. In his supplement, Plaintiff alleges that his cell was not properly cleaned, that he missed recreational time for two days, and that he was

---

[1] Additionally, while Plaintiff complains that Officer Brame was not kept away from him following the July 16, 2017, incident, he does not report any further improper conduct by Officer Brame [*See* Doc. 8].

unfairly subjected to a disciplinary measure [*See id*.]. First, the Court finds that these allegations fail to state a claim, as none of Plaintiff's allegations in his supplemental complaint constitute "extreme deprivations" that have denied Plaintiff "'the minimal civilized measure of life's necessities." *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citation omitted). Second, the Court finds that these supplemental allegations involving new parties do not relate back to Plaintiff's initial complaint that he was sexually harassed by Defendant Baume, and therefore, these claims should otherwise be dismissed as untimely. *See* Fed. R. Civ. P. 15(c); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year."); Tenn Code Ann. § 28-3-104.

## IV. CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

                                                  s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE